IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**SCOTT LEGG**                                                                                   **PLAINTIFF**

vs.                                            No. 2:22-cv-00111

**DEM 2 BROTHERS AND A GRILL II**                              **DEFENDANT**
**and ADRIAN WRIGHT**

## ORIGINAL COMPLAINT

Plaintiff Scott Legg ("Plaintiff"), by and through undersigned counsel, for his Original Complaint against Dem 2 Brothers and a Grill II and Adrian Wright (collectively "Defendant" or "Defendants), states and alleges as follows:

**I.     PRELIMINARY STATEMENTS**

1. This is an action brought by Plaintiff against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiff sufficient wages under the FLSA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of West Virginia.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of West Virginia has personal jurisdiction over Defendant, and Defendant therefore "resides" in West Virginia.

7. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Charleston Division of the Southern District of West Virginia. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and resident of Kanawha County.

9. Separate Defendant Dem 2 Brothers and a Grill II ("D2B") is a West Virginia sole proprietor, per West Virginia's Secretary of State website.

10. Separate Defendant Adrian Wright ("Wright") is an individual and resident of West Virginia.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Defendant owns and operates a restaurant in Charleston.

13. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products.

14. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. Wright is a principal, director, officer, and/or owner of D2B.

16. Wright took an active role in operating D2B and in the management thereof.

17. Wright, in his role as an operating employer of D2B, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Wright, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedules, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

19. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

20. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

21. Plaintiff was employed by Defendant from January of 2015 until the present.

22. At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

23. Plaintiff regularly handled or was involved with the instrumentalities of interstate commerce such as using cell phone, credit cards and the internet.

24. Plaintiff worked for Defendant as a "meat cutter." His primary duties were to cut meat, prepare food, assist with inventory, order supplies and perform light cleaning.

25. Plaintiff was paid an hourly rate until approximately January of 2021 and was paid on a salary basis thereafter.

26. When Plaintiff was paid an hourly rate, he regularly worked hours over forty in a week but was not paid an overtime premium for those hours.

27. In or around January of 2021, Defendant began paying Plaintiff a salary.

28. Initially, Plaintiff's salary was around $250 per week, although it was gradually raised until March of 2021 when Defendant began paying Plaintiff $500 per week.

29. Defendant paid Plaintiff a salary of less than the statutory minimum of $684 per week. *See* 29 C.F.R. § 541.600.

30. Plaintiff did not select any employee for hire, nor was he involved in decisions regarding firing.

31. Plaintiff did not manage Defendant's enterprise, nor did he manage a customarily recognized department or division of Defendant's enterprise.

32. Plaintiff's duties were rote and routine, and he sought input from supervisors when his duties were not rote or routine.

33. In carrying out his duties, Plaintiff followed the processes put in place by Defendant and others.

34. When Plaintiff was paid on a salary basis, he regularly worked over forty hours per week.

35. Throughout Plaintiff's employment, Defendant regularly scheduled Plaintiff to work more than 40 hours per week.

36. All or most of Plaintiff's work was performed on-site.

37. Defendant did not pay Plaintiff 1.5 times his regular rate of pay for hours worked over 40 per week.

38. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours she worked over forty per week.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### VI.   CAUSE OF ACTION—VIOLATION OF THE FLSA

40. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

43. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

45. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

46. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

47. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Scott Legg respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

  B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the related regulations;

  C. Judgment for damages owed to Plaintiff under the FLSA and the related regulations;

  D. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, 29 US.C. § 216;

  E. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

  F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF SCOTT LEGG**

GLAZER SAAD ANDERSON, LC
320 9th Street, Suite B
Huntington, West Virginia 25701
Telephone: (304) 522-4149

*/s/Hoyt Glazer*
Hoyt Glazer
WV Bar No. 6479
hoyt@gsalaw-wv.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Krista R. Sheets*
Krista R. Sheets
Wa. Bar No. 40100
krista@sanfordlawfirm.com
*PHV To Be Filed*